UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| SHANE MICHAEL GROGGER ] | |
|     Petitioner, ] | |
| ] | |
| v. ] | No. 2:15-0075 |
| ] | Chief Judge Sharp |
| DEBRA JOHNSON, Warden ] | |
|     Respondent. ] | |

**M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the Turney Center Industrial Prison in Only, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Debra Johnson, Warden of the facility, seeking a writ of habeas corpus.

**I. Background**

On June 20, 2008, a jury in Overton County found the petitioner guilty of first degree premeditated murder (2 counts), first degree felony murder (2 counts), especially aggravated robbery, and abuse of a corpse (2 counts). Docket Entry No. 13-9 at pgs. 91-96. Because the murder convictions involved the same two victims, the felony murder convictions were merged with the premeditated murder convictions by operation of law to avoid the prohibition against double jeopardy. Docket Entry No. 13-2 at pgs. 4-5. For his crimes, the petitioner received an effective sentence of life imprisonment plus fifteen (15) years. Docket Entry No. 13-1 at pg. 2.

On direct appeal, the Tennessee Court of Criminal Appeals affirmed the convictions. Docket Entry No. 13-15. The Tennessee Supreme Court then denied petitioner's application for further

1

review. Docket Entry No. 13-17. Later, the United States Supreme Court rejected petitioner's application for a writ of certiorari. Grogger v. Tennessee, 562 U.S. 928 (2010).

On February 15, 2011, the petitioner filed a *pro se* petition in the Criminal Court of Overton County for post-conviction relief. Docket Entry No. 13-20 at pgs. 6-53. Counsel was appointed and the petitioner filed an amended post-conviction petition. Following an evidentiary hearing, the trial court denied the petitioner post-conviction relief. Docket Entry No. 13-21 at pgs. 41-42. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No. 13-27.

## II. Procedural History

On December 28, 2015, the petitioner initiated the instant action with the *pro se* filing of a petition for writ of habeas corpus (Docket Entry No. 1). The petition contains six claims for relief. These claims include:

> 1) the petitioner's motion to suppress both physical evidence and his statements to the police was denied in error;
>
> 2) the evidence was insufficient to support the murder convictions;
>
> 3) trial counsel was ineffective for failing to adequately investigate the petitioner's "substantial" mental health issues;
>
> 4) appellate counsel was ineffective for failing to appeal the denial of a request to instruct the jury on accessory after the fact;[1]
>
> 5) post-conviction counsel was ineffective for failing to

---

[1] At trial and on direct appeal, the petitioner was represented by Patrick Johnson, a member of the Davidson County Bar.

            pursue the question of petitioner's mental health through
            further testing and expert evaluation;[2] and

6)     petitioner's statements to the police were involuntary and subject to suppression due to a brain injury that left him "susceptible to improper influence, duress and the use of interrogation techniques".

Upon its receipt, the Court conducted a review of the petition and determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No. 3) was entered instructing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases.

Presently before the Court is the respondent's Answer (Docket Entry No. 16), to which the petitioner has offered no reply. Having carefully considered the petition, respondent's Answer, and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Schriro v. Landrigan, 550 U.S. 465, 474 (2007). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

### III. Analysis of the Claims

**A.)**    **Non-Cognizable Claims**

Following his arrest, the police seized a pair of jeans, gloves and mats from the petitioner's car and took from his person a pair of boots and a jacket. They also took statements from him. Prior to trial, counsel unsuccessfully attempted to have this evidence suppressed by the court. Docket Entry No. 13-1 at pgs. 10-40, 78-96.

In his first claim, the petitioner alleges that this evidence was collected after he was illegally

---

[2] During post-conviction proceedings, the petitioner was represented by Josh Hoeppner, a member of the Overton County Bar.

arrested and, as "fruits of the poisonous tree", were taken in violation of his Fourth and Fifth Amendment rights.

The Fourth Amendment guarantees that an individual will be secure in his person, home, papers and effects from unreasonable searches and seizures. Where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, though, the Constitution does not require that a state prisoner be granted habeas corpus relief on the ground that the search and seizure was invalid. <u>Stone v. Powell</u>, 428 U.S. 465, 494-495 (1976). In deciding whether the petitioner received an opportunity for a full and fair hearing in state court, this Court must determine whether the state court took "cognizance" of the petitioner's arguments. <u>Riley v. Gray</u>, 674 F.2d 522, 525 (6th Cir.), *cert. denied* 459 U.S. 948 (1982).[3]

A pre-trial suppression hearing was conducted to ascertain the admissibility of the physical evidence seized from the petitioner. Docket Entry No. 13-3 at pgs. 20-170. The trial court found that the traffic stop that led to the petitioner's arrest was legal and that the physical evidence seized from the petitioner could properly be admitted against him at trial. Docket Entry No. 13-1 at pgs. 76-77. The petitioner attended the hearing and his attorney had an opportunity to cross examine the state's witnesses. On direct appeal, the petitioner unsuccessfully challenged the refusal to suppress the evidence. Docket Entry No. 13-15 at pgs. 8-10. Thus, the petitioner argued this claim in both the trial and appellate levels of the state court system. Those courts took cognizance of petitioner's claim that this evidence should have been suppressed as the product of an illegal arrest. There has

---

[3] The petitioner's first claim is rooted both in the Fourth (seizure of physical evidence) and Fifth Amendments (the taking of petitioner's statements). <u>Stone</u>, *supra*, applies only to the seizure of petitioner's property and does not apply to the taking of his statements. Thus, only petitioner's Fourth Amendment portion of Claim No. 1 is not cognizable here.

been nothing to suggest that the state courts in any way hindered the petitioner's ability to get a full and fair hearing of this issue. Accordingly, the Fourth Amendment component of petitioner's first claim is not cognizable in this action.

The petitioner also claims that post-conviction counsel was ineffective for failing to pursue the issue of his mental health through further testing and expert evaluation (Claim No. 5).

In order to sustain a claim for federal habeas corpus relief, the petitioner must set forth factual allegations suggesting that the fact or duration of his incarceration is in some way constitutionally defective. 28 U.S.C. § 2254(a); <u>Koontz v. Glossa</u>, 731 F.2d 365, 368 (6th Cir. 1984). A state is not constitutionally required to provide convicted felons with a means by which they can collaterally attack their convictions. <u>Pennsylvania v. Finley</u>, 481 U.S. 551 (1987). Thus, a federal writ of habeas corpus will not issue when the petitioner is merely challenging errors or deficiencies related to a state post-conviction proceeding. <u>Kirby v. Dutton</u>, 794 F.2d 245 (6th Cir. 1986).

The petitioner claims that he was denied the effective assistance of counsel during the course of his post-conviction proceedings. However, there is no constitutional right to an attorney in state post-conviction proceedings. <u>Finley</u>, *supra.* Consequently, the petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings. <u>Coleman v. Thompson</u>, 111 S.Ct. 2546, 2566 (1991).

**B.)    Procedurally Defaulted Claims**

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. 28 U.S.C. § 2254(b)(1).

While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which

promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Consequently, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to every available level of the state court system. Rose v. Lundy, 455 U.S. 509, 518-20 (1982); Lyons v. Stovall, 188 F.3d 327,331 (6th Cir. 1999). The petitioner must offer the state courts both the factual and legal bases for his claims. Hicks v. Straub, 377 F.3d 538,552 (6th Cir.2004). In other words, the petitioner must present "the same claim under the same theory" to the state courts. *Id.* It is not enough that all the facts necessary to support a federal claim were before the court or that the petitioner made a somewhat similar state law claim. Anderson v. Harless, 459 U.S. 4,6 (1982).

Once petitioner's federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir. 1990).[4]

On direct appeal, the petitioner challenged the refusal to suppress his statements to the police (Claim Nos. 1 and 6). The basis for this challenge was that the statements were the fruit of the poisonous tree, the result of an illegal arrest. Docket Entry No. 13-11 at pgs. 74-78. Here, though, he claims that the statements were involuntarily given because a brain injury left him "susceptible to improper influence, duress and the use of interrogation techniques." Thus, the instant claims have not as yet been properly exhausted in the state courts.

Unfortunately, at this late date, it appears that state court remedies for these particular claims

---

[4] In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; *see also* Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

are no longer available. *See* Tenn. Code Ann. § 40-30-102(a) and (c). Therefore, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to these claims. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

The exhaustion of a claim *via* procedural default does not, however, automatically entitle a habeas petitioner to federal review of that claim. To prevent a federal habeas petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violations. Gray v. Netherland, 518 U.S. 152, 162 (1996).

A habeas petitioner can not rely on conclusory assertions of cause and prejudice to overcome the adverse effects of a procedural default. Rather, he must present affirmative evidence or argument as to the precise cause and prejudice produced. Lundgren v. Mitchell, 440 F.3d 754, 764 (6th Cir. 2006). To demonstrate cause, the petitioner must show that an objective factor external to the defense interfered with his ability to comply with the state procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). To establish prejudice, there must be a showing that the trial was infected with constitutional error. United States v. Frady, 456 U.S. 152, 170-72 (1982).

The petitioner's pleadings offer nothing to suggest cause for his failure to properly exhaust these claims in the state courts in a timely manner. Nor has there been a showing of prejudice arising from the alleged violations. Consequently, petitioner's claims challenging the failure to suppress his

statements (Claim Nos. 1 and 6) will not support an award of federal habeas corpus relief. Teague v. Lane, 489 U.S. 288, 297-98 (1989)(denial of a claim is appropriate when the federal claim was not raised in the state appellate courts for review).

**C.) Fully Exhausted Claims**

The petitioner's remaining claims, i.e., the sufficiency of the evidence (Claim No. 2), the ineffectiveness of trial counsel (Claim No. 3), and the ineffectiveness of appellate counsel (Claim No. 4) were fully exhausted either on direct appeal (Docket Entry No. 13-11) or during post-conviction proceedings (Docket Entry No. 13-25).

The availability of federal habeas corpus relief is limited with respect to claims that have been previously adjudicated on the merits in state court. Harrington v. Richter, 562 U.S. 86 (2011). When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999).

In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). In short, the petitioner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and

comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, *supra* at 562 U.S. 103.

The petitioner asserts that the evidence was insufficient to support his murder convictions (Claim No. 2).

The right to due process guaranteed by the Constitution insures that no person will be made to suffer the onus of a criminal conviction except upon sufficient proof. Sufficient proof has been defined as the "evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 99 S.Ct. 2781, 2787 (1979). When weighing the sufficiency of the evidence to support a criminal conviction, the Court must view the evidence in a light most favorable to the prosecution. *Id.,* 99 S.Ct. at 2789. The only question this Court need answer "is whether that finding was so unsupportable as to fall below the threshold of bare rationality." Coleman v. Johnson, 132 S.Ct. 2060, 2065 (2012).

The petitioner was found guilty of two counts of first degree premeditated murder under a theory of criminal responsibility. That is, even though the petitioner did not kill the victims himself, while acting with intent to promote or assist the commission of the offenses, he solicited, directed, aided or attempted to aid another to commit the killings. Tenn. Code Ann. § 39-11-402(2).

The evidence, when viewed in a light most favorable to the prosecution, proved that the petitioner and Harold Johnson had been working together doing odd jobs the week prior to the murders. On the day of the murders, the petitioner telephoned the victims and lured them to Johnson's rural home under the pretense of buying their vehicle. Docket Entry No. 13-8 at pg. 72. Before they arrived, the petitioner knew that Johnson intended to shoot them. *Id.* at pgs. 104-105. Petitioner acknowledged on the witness stand that he did not try to stop Johnson from shooting the

victims. *Id.* at pgs. 77-80. Petitioner admitted to helping Johnson hide the victims' bodies after they were shot. *Id.* at pgs. 82-87. Following the murders, Johnson gave the petitioner one hundred dollars for helping him. *Id.* at pg. 105. Johnson and the petitioner took their girlfriends out to dinner after the murders. *Id.* at pgs. 92-93. The petitioner agreed that he had several opportunities to leave Johnson which he did not take. *Id.* at pg. 83. The pair fabricated a story to tell the authorities if they were questioned about the victims' whereabouts. Gunshot residue was found on some blue jeans and gloves recovered from the petitioner's trunk. Docket Entry No. 13-7 at pg. 89. Blood and DNA from one of the victims was found on petitioner's blue jeans, boots and a jacket. *Id.* at pgs. 110-112. Moreover, the petitioner gave the police statements revealing his involvement in the murders.

From this, it is abundantly clear that there was more than ample evidence from which a jury could find that the petitioner was criminally responsible for the victims' deaths. The state courts, therefore, did not act contrary to federal law when they rejected this claim for relief.

The petitioner's remaining claims challenge the effectiveness of both trial (Claim No. 3) and appellate (Claim No. 4) counsel.

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. <u>Missouri v. Frye</u>, 132 S.Ct. 1399, 1404 (2012). To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). A deficiency occurs when counsel has acted in a way that falls below an objective standard of reasonableness under prevailing professional norms. *Id.* at 466 U.S. 688. Where the issue is one of ineffective assistance, review under the Anti-Terrorism and Effective Death Penalty Act is "doubly deferential", <u>Cullen v. Pinholster</u>, 563 U.S. 170, 190 (2011), because

counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." <u>Strickland</u>, *supra* at 466 U.S. 690.

The petitioner asserts that trial counsel was ineffective for failing to adequately investigate his "substantial" mental health issues. More specifically, he claims that a head injury he sustained years earlier had made him "extremely suggestible" and unable to provide the police with voluntary statements regarding the murders (Claim No. 3).

Counsel learned from the petitioner that he had attempted suicide years earlier and had a previous stay at a mental health facility. Docket Entry No. 13-23 at pg. 40. Counsel testified at the post-conviction evidentiary hearing that he did not personally observe anything that indicated to him a problem with the petitioner's mental health. *Id.* at pg. 41. Nevertheless, a pre-trial hearing was conducted to ascertain petitioner's competency to stand trial. The petitioner was found to be competent with no significant mental health issues indicated. Docket Entry No. 13-24 at pg. 73. When asked about the attempted suicide and his stay at a mental health facility, petitioner "downplayed it". Docket Entry No. 13-23 at pg. 42. Moreover, petitioner's mother never mentioned any mental health issues to counsel. *Id.* at pgs. 42-43. Under these circumstances, it does not appear that the state courts erred when they determined that trial counsel had not been ineffective with regards to petitioner's alleged mental health issues.

Finally, the petitioner sought a jury instruction for accessory after the fact. Docket Entry No. 13-8 at pg. 145. The trial court denied the request. *Id.* at pg. 147. Petitioner believes that appellate counsel was ineffective for failing to appeal the denial (Claim No. 4).

In Tennessee, it is well established that accessory after the fact is not a lesser included offense. Docket Entry No. 13-27 at pg. 7. Thus, counsel could not be deemed deficient for raising

11

such a claim on appeal, particularly when he was without justification to argue for a change in the law. As a consequence, appellate counsel was not ineffective in this regard.

## IV. CONCLUSION

The petitioner has raised both non-cognizable and procedurally defaulted claims (Claim Nos. 1, 5 and 6). His remaining claims (Claim Nos. 2, 3 and 4) were properly exhausted in the state courts but were found to be without merit. Consequently, the petition (Docket Entry No. 1) will be denied and this action shall be dismissed.

An appropriate order will be entered.

_____
Kevin H. Sharp
Chief District Judge